■ DENNIS FOOTE et al., Respondents, v TRADITIONAL BUILDERS, LTD., Defendant, and D.C.G. MANAGEMENT COMPANY, INC., et al., Appellants. D.C.G. DEVELOPMENT COMPANY, Appellant.
[780 NYS2d 206]—

Crew III, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 12, 2003 in Saratoga County, which, inter alia, granted plaintiffs' motion to compel D.C.G. Development, Inc. to accept service of the amended complaint.

Plaintiffs commenced this personal injury action seeking to recover damages for injuries allegedly sustained in January 1999 when the ceiling of an unidentified structure fell upon plaintiff Dennis Foote's head. The original complaint, filed in February 2001, named Traditional Builders, Ltd., D.C.G. Management Company, Inc., D.C.G. Family Limited Partnership and The Oaks, LLC as party defendants and vaguely described Foote's accident as occurring on "certain premises commonly known as (see attached Exhibit A) situate [*sic*] in Clifton Park, New York." As it developed, none of the named defendants apparently had anything to do with the ownership or operation of the apartment complex where, it later was revealed, Foote's injury allegedly occurred. Plaintiffs were advised of as much in March 2001 and again in April 2001, when defense counsel

wrote to plaintiffs' counsel requesting a copy of Exhibit A, which was not appended to the complaint that she received. D.C.G. Family Limited Partnership and The Oaks answered in March 2001; D.C.G. Management Company had voluntarily dissolved in 1983.

In January 2003, almost two years after issue was joined, plaintiffs' counsel wrote to counsel for D.C.G. Development Company (hereinafter DCG) and requested that DCG accept service of an amended complaint naming it as a party defendant. Inasmuch as the statute of limitations had expired, DCG declined. Plaintiffs then moved to compel discovery, prompting D.C.G. Family Limited Partnership and The Oaks to cross-move to dismiss the complaint on the ground that plaintiffs had sued the wrong parties. Plaintiffs, in turn, moved pursuant to CPLR 3012 to compel DCG to accept service of the amended complaint. Supreme Court thereafter dismissed the complaint as against D.C.G. Family Limited Partnership, D.C.G. Management Company and The Oaks, but granted plaintiffs' motion as to DCG, ordering, inter alia, that it be added as a party defendant and accept service of the amended complaint. This appeal ensued.

CPLR 3012 (d) provides, in relevant part, that a court may "compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." Inasmuch as plaintiffs failed to offer any excuse or explanation for the nearly two-year delay in identifying DCG as the proper defendant, we have little choice but to conclude that Supreme Court abused its discretion in granting plaintiffs' motion to compel the acceptance of their amended complaint. As we observed at the outset, plaintiffs' counsel was advised in March 2001 and again in April 2001 that service of the original complaint was defective and, further, that it was "quite likely" that no cause of action existed against D.C.G. Family Limited Partnership, D.C.G. Management Company and/or The Oaks. Under such circumstances, plaintiffs should have exercised due diligence to ascertain the proper owner of the subject property. Plaintiffs' remaining arguments, including their assertion that the relation back doctrine salvages their claims, have been examined and found to be lacking in merit.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion to compel acceptance of their amended complaint; said motion denied; and, as so modified, affirmed.